IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MONTE CALLAWAY,

        Plaintiff,                6:12-cv-1279-TC

        v.                        FINDINGS AND RECOMMENDATION

R. PAUL FRAZIER, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a pro se complaint alleging that defendants violated his civil rights while he was a pre-trial detainee in Coos County. The crux of plaintiff's 48 page complaint was that defendants allegedly conspired to "incarcerate plaintiff in alternate jail conditions" in order to avoid having to pay for his medical care and failed to

1 - FINDINGS AND RECOMMENDATION

provide him with adequate medical care while he was incarcerated.

By Order (#7) entered October 17, 2012, plaintiff's complaint was dismissed and plaintiff was allowed 30 days to file an amended complaint curing the deficiencies set forth in the court's order.

On January 10, 2013, plaintiff filed an "Amendment to Complaint (#13) ("Amendment"). Plaintiff's Amendment fails to cure the deficiencies that led to the dismissal of the original complaint.

In the first place, plaintiff seeks to "reassert all allegations and facts of the original complaint and add ... additional facts and claims." Amendment (#13) p. 1

Local Rule 15-c provides: "An amended or supplemental pleading must reproduce the entire pleading and may not incorporate any part of a prior pleading by reference."

Plaintiff's original complaint was dismissed in part because it did not comply with the minimal pleading requirements of the federal rules, and specifically because it failed to allege a "short and plain statement of the claim." By seeking to add another 34 pages of disjointed, random alleged facts, plaintiff has only rendered the claims less clear and more undecipherable.

Secondly, the court's order explained to plaintiff that

2 - FINDINGS AND RECOMMENDATION

the judge and prosecutor defendants were absolutely immune from liability and that the lawyer defendants did not act under the color of state law for purposes of liability under 42 U.S.C. § 1983. The order specifically advised plaintiff that an amended complaint should not allege claims against or based on the alleged conduct of defendants Gillespie, Stone, Fraiser, Cox or Flynn.

Nevertheless, plaintiff's Amendment seeks to re-allege claims against these defendants and adds allegations concerning their conduct. For the reasons set forth in the court's previous order, plaintiff's arguments that judicial and prosecutorial immunities do not apply to defendants' alleged conduct in this case are not convincing.

Plaintiff's claims against the remaining defendants are alleged against the "Coos County Jail" generally. See Amendment to Complaint (#13) p. 19-20. As with plaintiff's original complaint the claims are general and conclusory, interspersed among many irrelevant and immaterial alleged facts and not directed towards specific individuals defendants. As noted in the court's previous order, it is not the court's or defendants' duty to parse plaintiff's complaint for possible claims. If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim,"

3 - FINDINGS AND RECOMMENDATION

dismissal for failure to satisfy Rule 8(a) is proper. <u>Sparling v. Hoffman Constr. Co.</u>, 864 F.2d 635, 640 (9th Cir. 1988); *see also*, <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 674 (9th Cir. 1981).

In short, plaintiff's Amendment is insufficient to enable the defendants to respond. The Amendment does not comply with the minimal pleading requirements of the federal rules or the court's order allowing plaintiff to file an amended pleading. For the reasons stated above and set forth in the court's previous Order (#7) plaintiff's Amendment should be dismissed. Because it is apparent that the deficiencies in the Amendment cannot be cured by amendment, the dismissal should be with prejudice.

Plaintiff's Motion for Default (#5) should be denied.

The Clerk of Court should enter a judgment dismissing this action with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have

4 - FINDINGS AND RECOMMENDATION

fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

**_Any appeal form an order adopting this Finding and Recommendation or Judgment of dismissal would be frivolous and not taken in good faith._**

DATED this 6 day of February, 2013.

_____
Thomas M. Coffin
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION